The questions which you have presented to this office concern the continued validity of local option elections held by eight wards and two municipalities within Beauregard Parish prior to the restructuring of its governing authority on an election district basis. We restate the facts as presented in your correspondence.
On December 4, 1976, local option elections were conducted in Beauregard Parish, pursuant to LSA-R.S. 26:581, et seq. The elections were separately held and tabulated in each of the eight (8) wards, and in the two (2) incorporated municipalities of DeRidder and Merryville. Each ward and each of the incorporated municipalities voted "dry"; more specifically each of the propositions to authorize the sale of alcoholic beverages was defeated.
On April 29, 1995, a new election was held within the incorporated municipality of Merryville, and the voters approved only one of the propositions, to authorize package sales of beer. The package sale of beer, within the corporate limits of Merryville, is the only sale of alcoholic beverages currently authorized by local option election in Beauregard Parish. As a result of its "dry" status, Beauregard Parish has no ordinance requiring a parish license for the issuance of permits for the sale of alcoholic beverages.
All of the members of the Beauregard Parish governing authority; that is, the members of the Beauregard Parish Police Jury, were elected by ward at the time of the local option elections. The current ten (10) members of the Beauregard Parish Police Jury, however, represent ten (10) election districts, and none of the election districts have geographical boundaries which are the same as any of the eight (8) wards.
Similarly, the City of DeRidder's five (5) election districts for the election of council members have changed geographically with every reapportionment since the local option election of 1976, partially due to the annexation of areas previously outside its corporate limits. Although local option elections have been held in each of the eight (8) wards, and in each of the two (2) incorporated municipalities, no local option election has been held in any of the ten (10) parish election districts, or in any of the five (5) city election districts, as presently constituted.
The general issue presented is: now that the previous wards have been merged into election districts, are any of the previous local option elections prohibiting the sale of alcoholic beverages still valid? Our review of law and jurisprudence indicates that where the ward or portion of the ward has been merged into an election district, that ward or portion of the ward takes on the sales characteristics of the new election district. Since there has never been a local option election in any of the ten new election districts, prohibiting the sale of alcoholic beverages, the entirety of these election districts (including the wards formerly voted "dry") are now deemed "wet" and must permit the sale of alcoholic beverages.
State law governing this matter is set forth in R.S.26:583, providing:
 § 583. Effect of merger
 A. When a portion of a ward, election district, or municipality is annexed or made a part of another ward, election district, municipality, or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, election district, municipality, or city-parish government to which it is annexed or made a part of.
 B. The provisions of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, election district, incorporated municipality, or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward, election district, or incorporated municipality and not in any portion thereof.
 C. Notwithstanding the provisions of Subsections A and B of this Section, any package house in existence and operating as such on August 15, 1995, in an area that is subsequently annexed into a ward, election district, municipality, or city-parish government that prohibits the sale of alcoholic beverages shall be allowed to continue operation and shall not be subject to the provisions of Subsections A and B of this Section.
Further guidance interpreting R.S. 26:583 and which our opinion is in reliance upon is contained in the case of Sabine ParishPolice Jury vs. Commissioner of Alcohol Tobacco Control,898 So.2d 1244 (La. 2005). The Louisiana Supreme Court stated therein, pertinently:
 In an area where the governing authority of a parish is no longer elected from wards, but by election district, then the operative entity for local option purposes is the election district even where the wards have not been formally abolished and may still exist for some purposes such as taxing . . . Id, at p. 20.
 Therefore, any denial of a permit based on a pervious local option election must fall before the effects of merger provided in La. R.S. 26:583
. . . Id, at p. 21.
 Since there has never been a local option election in Election District 6 prohibiting the sale of alcoholic beverages, we find that the entirety of Election District 6, including the portion of Ward 3 which was voted "dry" in a previous local option election, is deemed "wet" and must permit the sale of alcoholic beverages. Id, at p. 22.
We now address your specific questions as presented in your correspondence.
 1. Are the Beauregard Parish and City of DeRidder ordinances prohibiting the sale of alcoholic beverages in the unincorporated areas of Beauregard Parish valid and enforceable?
Our response to your first question is "no". The entities whose sales characteristics are now pertinent are those of the election districts. Since the election districts of Beauregard Parish have never held local option elections prohibiting the sale of alcoholic beverages, the districts are deemed "wet" and must permit the sale of alcoholic beverages.
 2. If a qualified applicant (a) in an unincorporated area of the parish or (b) in the City of DeRidder seeks permits for the sale of alcoholic beverages of high and low alcoholic content, whether for package sales, consumption on the premises, or restaurant sales, must the Commissioner of Alcohol and Tobacco Control issue the permit(s)?
Our response to your second question is "yes", based on the foregoing stated reasons.
 3. If a qualified applicant obtains state permit(s) for the sale of alcoholic beverages, may the applicant commence the sale of such beverages without the local license or permit(s), since not parish or city ordinances currently exists to provide for the issuance of such licenses or permits?
Our response to your third question is "yes". If the applicant is in compliance with state and local licensing laws existing at the time of his application, he may commence the sale of alcoholic beverages.
You also state that the Police Jury and the City are mandated to reapportion themselves every ten (10) years based upon the census, to comply with the "one man-one vote" requirements of the United States Constitution, as interpreted by the United States Supreme Court. Assuming that there are new local option elections conducted in Beauregard Parish and in the City of DeRidder, separately held and tabulated by election district, and by incorporated municipality, and any and all of the election districts and/or the municipality vote "dry", then the following final question is raised:
 4. If any or all of the "dry" election districts should change their geographical boundaries as a result of the reapportionment, based upon the 2010 census, or in the case of the City of DeRidder, by annexation, (a) will such changes in geographical boundaries invalidate local option elections previously held in the areas comprising the newly drawn elections districts, and (b) will new local option elections be required within the newly drawn election districts and/or within the newly drawn city limits of DeRidder, in order to maintain their "dry" status?
Our response to both parts of question four is "yes", based on the foregoing law and jurisprudence.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL